UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                                        Criminal No. 06-20481

D-1 Robert Anthony Allan,                 Civil No. 07-13838

    Defendant/Petitioner.                Honorable Sean F. Cox
_____/

## **OPINION & ORDER**

Presently before the Court is a motion filed by Defendant/Petitioner Robert Anthony Allan ("Allan") pursuant to 28 U.S.C. § 2255 to vacate and set aside his sentence imposed by this Court on February 21, 2007. For the reasons that follow, the motion shall be DENIED.

### BACKGROUND

Allan, a resident alien, was ordered removed from the United States on December 2, 1999, as the result of a conviction for domestic battery, an aggravated felony. On August 31, 2006, Allan was detained while attempting to enter the United States, without consent, at the Blue Water Bridge in Port Huron, Michigan.

In Criminal Case No. 06-20481 before this Court, Allan was charged with one count of illegal reentry by a deported alien, 8 U.S.C. §§ 1326(a)(2), (b)(2). On or about October 18, 2006, while represented by attorney Nancy McGunn, Allan entered into a plea agreement with the Government under which he pled guilty. (Docket Entry No. 12). The Plea Agreement provided that the agreed guidelines range was 41-51 months. (*Id*. at 2). This Court imposed a

1

sentence of 41 months imprisonment – the bottom of the guidelines range – on February 21, 2007.  (*See* Docket Entry No. 14).  Allan did not file a direct appeal of his sentence.

Proceeding *pro se*, on September 11, 2007, Allan filed a motion seeking to set aside his sentence due to alleged constitutional violations.  (Docket Entry No. 15).  On September 12, 2007, Allan filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" (Docket Entry No. 16).  Because Allan is proceeding *pro se*, and because a § 2255 motion is the proper vehicle for challenging a sentence for alleged constitutional violations, the Court construes Docket Entry No. 15, combined with Docket Entry No. 16, as Allan's "§ 2255 Motion."  Construed broadly, Allan's § 2255 Motion alleges that he received ineffective assistance of trial counsel in that his counsel failed to: 1) seek a downward adjustment pursuant to a "fast track" program; and 2) seek a downward departure due to Allan's status as a deportable alien.

## ANALYSIS

Allan is a *pro se* petitioner.  A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers.  *Haines v. Lerner*, 404 U.S. 519, 520 (1972).  Even when construed liberally, however, the Court concludes that Allan's § 2255 petition must be denied.

A movant is entitled to relief under 28 U.S.C. § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  In order to prevail as to alleged constitutional errors, a defendant must

establish "an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). When a non-constitutional error is alleged, the defendant must establish a "fundamental defect which inherently results in a complete miscarriage of justice" or an error so egregious that it amounts to a violation of due process. *Id.*

Claims for ineffective assistance of counsel are analyzed under the familiar standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *Id*.

The Sixth Circuit has instructed that in assessing counsel's performance, courts must consider whether counsel's representation fell below an "objective standard of reasonableness" as measured by prevailing professional norms. *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997). This means that to establish prejudice, a defendant must demonstrate a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Here, Allan claims that he received ineffective assistance of trial counsel because his counsel failed to: 1) seek a downward adjustment pursuant to a "fast track" program; and 2) seek a downward departure due to Allan's status as a deportable alien.

1. <u>Failure To Request A Downward Adjustment Pursuant To A "Fast Track" Program.</u>

"Fast-track" programs are designed to conserve prosecutorial and judicial resources by offering reduced sentences in districts that are overburdened by illegal re-entry cases. *United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006); *United States v. Contreras-*

3

*Armendariz*, 207 Fed.Appx. 594, 597 (6th Cir. 2006). "The Eastern District of Michigan does **not** offer a fast track program." *United States v. Saavedra-Ibanez*, 2007 WL 2618140 (6th Cir. Sept. 6, 2007)(emphasis added). Because Allan was not arrested and charged with illegal re-entry in a district with a fast track program, that type of plea agreement was simply not available to him. Counsel cannot be "ineffective" for failing to request a nonexistent adjustment.

Moreover, any contention that Allan's sentence is unreasonable because the absence of a fast track program creates an unwarranted sentencing disparity is without merit because the Sixth Circuit has already rejected such arguments. *See Hernandez-Fierros, supra*.[1] In addition, even if Allan had requested a downward departure or variance to account for a disparity in sentence, and this Court had the discretion to grant such a departure, this Court would not have granted a reduction on that basis under the circumstances in this case because of the nature of Allan's criminal record.

Accordingly, Allan's ineffective assistance of counsel claim based on his counsel's failure to seek a downward departure pursuant to a fast track program fails.

2.  Failure To Request A Downward Departure Due To Allan's Status As A Deportable Alien.

Allan also contends that his counsel was deficient for failing to move for a downward departure at sentencing based on his status as a deportable alien. Allan relies on *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994) for the proposition that a downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a "fortuitous

---

[1] In addition, to the extent that Allan's petition could be read to assert that the absence of a fast track program in this district violates his equal protection rights, that argument would fail as a matter of law. *See United States v. Andujar-Arias*, 507 F.3d 734, 748-49 (1st Cir. 2007).

4

increase" in the severity of his sentence.

The *Smith* case, however, involved a drug conviction – not a conviction for illegal re-entry into the United States. That case can therefore be readily distinguished from this case wherein Allan was convicted of illegal re-entry into the United States in violation of 8 U.S.C. § 1326. In this context, the Sixth Circuit has recognized that a downward departure is not available because "the Sentencing Commission took deportable alien status into account when formulating a guideline that applies almost invariably to crimes, such as 8 U.S.C. § 1326, that may be committed only by aliens whose conduct makes them deportable." *United States v. Ebolum*, 72 F.3d 35, 38 (6th Cir. 1995). Thus, under *Ebolum*, this Court would have been precluded from granting a downward departure due to Allan's status as a deportable alien.

Counsel cannot be ineffective for failing to request a downward departure that this Court would have been precluded from granting under existing Sixth Circuit authority.

Accordingly, Allan's ineffective assistance of counsel claim based on his counsel's failure to request a downward departure due to his status as a deportable alien also fails.

## CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that Allan's § 2255 Motion (Docket Entry Nos. 15 & 16) is **DENIED**.

**IT IS SO ORDERED**.

            S/Sean F. Cox
            Sean F. Cox
            United States District Judge

Dated: February 13, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                                 Criminal No. 06-20481

D-1 Robert Anthony Allan,             Civil No. 07-13838

    Defendant/Petitioner.           Honorable Sean F. Cox
_____/

## PROOF OF SERVICE

    I hereby certify that on February 13, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Robert A. Allen
Reg # 40835-039 NEOCC
2240 Hubbard Road
Youngstown, OH 44505

                                          S/J. Hernandez
                                          Case Manager